IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff<br><br>v.<br><br>**FUNDS IN THE AMOUNT OF $53,082,824.19.00 IN U.S. CURRENCY, CONTAINED IN THE FOLLOWING ACCOUNTS UNDER THE NAME OF BANCO SAN JUAN INTERNATIONAL:**<br>a) xxx-x7689 – MERRILL LYNCH ADDRESS: #15 SECOND ST., SUITE 210, GUAYNABO, PR 00968, UP TO $10,000,000.00;<br><br>b) xxx-x7059 – MERRILL LYNCH ADDRESS: 225 LIBERTY ST., 41ST FL, NEW YORK, NY 10281, UP TO $5,000,000.00; AND<br><br>c) FEDERAL RESERVE BANK OF NEW YORK ACCOUNT # xxxx-x228-6, UP TO $38,082,824.19,<br><br>Defendant | CIVIL NO.: 19- |

**UNITED STATES' MOTION TO STAY CIVIL FORFEITURE PROCEEDINGS**

TO THE HONORABLE COURT:

COMES NOW, plaintiff, the United States of America, by and through its undersigned attorneys, seeks a stay of the civil forfeiture proceedings in the above-entitled case, for the reasons set forth below:

1.  A Verified Complaint for Forfeiture *In Rem* by the United States of America has

1

been filed for the forfeiture of property in the instant case.

2. The civil action *in rem* is brought to enforce the provisions of Title 18, United States Code, Sections 981(a)(1)(A)(C); 984; 1005; 1343; 1344 and 1956(a)(2)(A).

3. In the meantime, the agencies, the Immigration and Customs Enforcement, Homeland Security Investigations ("ICE-HSI") and the Federal Bureau of Investigation ("FBI") have informed that there is an ongoing criminal investigation related to potential claimants.

4. Title 18, United States Code, Section 981(g)(1) states: "Upon the motion of the United States, the Court shall stay the civil forfeiture proceedings if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."

5. Without disclosing subjects or names of individuals, or specific overt conduct, so as not to compromise an ongoing investigation, the United States hereby requests that this case be stayed for at least 120 days, that is, until January 24, 2020, given the ongoing criminal investigation. A stay in this civil forfeiture proceeding is necessary to avoid any prejudice to the ongoing criminal investigation.

6. Should the Court deem an update necessary, the United States can inform the Court on the particular details of the investigation and its updated stage via an *ex parte* motion. In addition, within those initial 120 days the United States will update the Court whether it is necessary to request the stay for an additional period of time, or if the stay should be lifted.

7. Therefore, the United States respectfully requests that the civil forfeiture proceedings be stayed for 120 days, so as not to compromise an ongoing investigation.

8. It is in the public's best interest to foster law enforcement, ensuring that criminal due process is justly dispensed.

9. It is well established that courts have the discretion to stay proceedings in one suit until a decision has been made in another involving the same parties. *See Landis v. North American Co.*, 299 U.S. 248 (1936); cf. *In re Kozeny*, 236 F.3d 615, 620 (10th Cir. 2000) (relying on *Landis* for district court's inherent authority to grant stay). Indeed, in *Landis*, the Supreme Court stated:

> "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*Id.* at 254. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (relying on *Landis* for authority to grant stay).

10. Moreover, a court may stay civil proceedings "when the interests of justice seem to require such action." *Securities and Exchange Commission v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir.) (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1969), cert. denied, 449 U.S. 993 (1980)); see also *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2nd Cir. 1986). Before granting a stay, a court must consider "the competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc.*, 300 F.2d at 268.

11. Stays of proceedings are particularly appropriate where the government requests the stay to avoid conflict with an ongoing criminal investigation. Courts have long recognized the wisdom of staying civil actions or civil discovery pending the resolution of related criminal proceedings to avoid the conflict inherent in concurrent proceedings. See *United States v. U. S. Currency*, 626 F.2d 11, 17 (6th Cir.), cert. denied sub nom. *Gregory v. United States*, 449 U.S. 993 (1980); W*ehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1089 (5th Cir. 1979), reh'g denied, 611 F.2d 1026 (5th Cir. 1980); see also *In re Eisenberg*, 654 F.2d 1107 (5th Cir. 1981); *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955 (1963); *United States v. Pinnacle Quest Intern.*, 2008 WL 4274498 (N.D. Fla. 2008) ("it is unquestioned

3

that this court has the power to stay a civil proceeding due to an active, parallel criminal investigation.").

12. Finally, judicial economy will be served by allowing the criminal investigation to conclude since it may also allow for resolution of disputed issues in this civil proceeding. Accordingly, it will promote judicial economy and reduce litigation, time and expense to stay the civil case.

WHEREFORE, the United States of America respectfully requests from this Honorable Court the civil forfeiture proceedings be stayed for 120 days (until January 24, 2020), so as not to compromise an ongoing criminal investigation, pending a status update by the Government.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 27th day of September 2019.

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

*s/ David O. Martorani-Dale*
**David O. Martorani-Dale**
Assistant United States Attorney
USDC-PR No.: 226004
Torre Chardon, Suite 1201
350 Chardon Street
San Juan, PR  00918
Telephone: 787-766-5656
Fax: 787-766-6219
Email: david.o.martorani@usdoj.gov