IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff<br><br>         v.<br><br>$53,082,824.19 IN U.S. CURRENCY,<br><br>              Defendant | No: 19-cv-01930 |

**BANCO SAN JUAN INTERNACIONAL'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM**

Sonia Torres, Esq.
USDC-PR Bar No. 209310
Meléndez Torres Law PSC
MCS Plaza, Suite 1200
255 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 281-8100
Fax: (787) 281-8310
storres@melendeztorreslaw.com

Jonathan W. Haray, *Pro hac vice* pending
Courtney Saleski, *Pro hac vice* pending
DLA Piper LLP (US)
500 8th Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Fax: (202) 799-5000
jonathan.haray@dlapiper.com
courtney.saleski@dlapiper.com

Abbe David Lowell, *Pro hac vice* pending
Eric W. Bloom, *Pro hac vice* pending
Christopher D. Man, *Pro hac vice* pending
Winston & Strawn LLP
1700 K Street, NW
Washington, DC 20006
(202) 282-5000 (Phone)
(202) 282-5100 (Fax)
adlowell@winston.com

Guillermo Ramos Luiña (USDC-204007)
PO Box 2763, UPR Station
San Juan, PR 00931-2763
(787) 620-0527 (Phone)
(787) 620-0039 (Fax)
gramlui@yahoo.com

*Counsel for Banco San Juan Internacional, Inc.*

**INTRODUCTION**

A review of the long-awaited civil *in rem* complaint filed by the government reveals that the reason that the government dragged its feet for eight months since it seized more than $53 million from Banco San Juan Internacional, Inc. (BSJI) before filing a complaint for forfeiture appears to be that it is having great trouble coming up with any valid excuse to hold on to this improperly seized money.  This much is sure, the forfeiture complaint presently before the Court is – on its face – defective as a matter of law for at least two reasons.

First, it fails to intelligibly state a claim at all under the heightened pleading standards for forfeiture actions or even the most basic of due process principles.  There is a heavy presumption against forfeiture actions, so they are subject to heightened pleading standards that must be strictly followed.  *See, e.g.*, *United States v. One 1936 Model Ford V-8 De Luxe Coach*, 307 U.S. 219, 226 (1939) (forfeiture not favored); *United States v. One 2015 Chevrolet*, 2019 WL1547265, at *1 (S.D. Ind. Apr. 9, 2019) ("[C]ivil forfeiture complaints are subject to a heightened pleading standard described in Fed. R. Civ. P. Supp. G.").  The complaint here merely lists statutes that it claims have been violated without even a cursory explanation of how any facts in this case amount to violations of any law, which would fail any standard of review.

Second, the government has seized the *wrong* assets.  The government's theory is that BSJI made a fraudulent loan, which would make the amount of money received from the improper loan the proceeds of the fraud.  But the assets the government seized are the *opposite* of those proceeds – the assets the government seized are not the funds that were loaned out, but the incoming repayment of the supposedly fraudulently obtained loan money.  Even accepting the government's theory of fraud as true, under the statute, money used to repay a fraudulently obtained loan *mitigates* the offense and are not "proceeds" of the offense.  *See* 18 U.S.C. §981(a)(2)(C) (defining

"proceeds" to mean: "In cases involving fraud in the process of obtaining a loan or extension of credit, the court shall allow the claimant a deduction from the forfeiture to the extent that the loan was repaid, or the debt was satisfied, without any financial loss to the victim.").

## ARGUMENT

## I. THE GOVERNMENT HAS FAILED TO PLEAD A CLAIM

### A. The Government's Complaint Is Subject To Heightened Pleading Standards

The government's complaint should be read against the "historic preference against preconviction *forfeitures*." *Luis v. United States*, 136 S. Ct. 1083, 1094 (2016) (emphasis in original). "Forfeitures are not favored; they should be enforced only when within both letter and spirit of the law." *One 1936 Model Ford*, 307 U.S. at 226. This presumption against forfeiture is why Congress made civil forfeiture more difficult for the government by subjecting its complaints to a "heightened pleading standard." *One 2015 Chevrolet*, 2019 WL1547265, at *1.

Supplemental Rule G(2)(f) states that any complaint bringing a forfeiture action *in rem* must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Unlike Rule 8(a)(2), which governs the more typical pleading standards and requires only "a short and plain statement," Supplemental Rule G(2)(f) is "more stringent" and requires a higher pleading standard than Rule 8(a)(2). *United States v. $40,000.00 in U.S. Currency*, 2010 WL 2330353, *2 (W.D.N.C. May 11, 2010); *United States v. $2,200,000 in U.S. Currency*, 2014 WL 1248663, *6 (D. Md. Mar. 26, 2014).

Supplemental Rule G(2)(f) was adopted in 2006 to clarify that the stricter pleading standard for forfeiture actions *in rem* laid out in *United States v. Mondragon*, 313 F.3d 862, 865 (4th Cir. 2002) (interpreting the Rule's precursor, former Supplemental Rule E(2)(a)) should be followed. *See, e.g.*, *$2,200,000 in U.S. Currency*, 2014 WL 1248663, at *5; *United States v. $50,040 in U.S.*

2

*Currency*, 2007 WL 1176631, at *2 (N.D. Cal. Apr. 20, 2007) (noting the advisory committee notes on Supplemental Rule G(2)(f) explicitly cite with approval the *Mondragon* court's interpretation of the relevant pleading standard). *Mondragon* requires that the government "allege sufficient facts in its complaint to support a reasonable belief that the elements of its case are met and the property is subject to forfeiture." 313 F.3d at 865. Thus, a pleading that contains only "the time, location, and person by whom the assets were seized would be insufficient." *U.S. v. $74,500 in U.S. Currency*, 2011 WL 2712604, at *2 (D.M.D. July 11, 2011) (citing *Mondragon* 313 F.3d at 866).

More broadly, these requirements that the government provide sufficient notice of its claims for the defendant to respond are rooted in fundamental due process principles. "[T]he Due Process Clause requires the Government to afford notice and a meaningful opportunity to be heard before seizing real property subject to a civil forfeiture." *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 62 (1993). "Due process protections ought to be diligently enforced, and by no means relaxed, when a party seeks the traditionally disfavored remedy of forfeiture." *United States v. Colon*, 993 F. Supp. 42, 44 (D.P.R. 1998) (Pérez-Giménez, J.) (citing *United States v. Borromeo*, 945 F.2d 750, 752 (4th Cir.1991)).

### B. The Government's Complaint Fails This Standard

The government's complaint fails to articulate any coherent basis on which to seek forfeiture. The only facts alleged in the complaint are in a single paragraph, which claims that in April 2017, BSJI entered a credit agreement with Petróleos de Venezuela, S.A. (PDVSA) for a term loan of $519 million. (Dkt. 1 at 2.) There is no allegation that this was unlawful (it was screened by numerous major law firms and accountants to ensure that it was legal), but the government claims that BSJI represented to the Office of the Commissioner for Financial Entities

(OCIF) and the Federal Reserve Bank of New York (FRBNY) that the loans were fully funded and deposited into trust accounts, when the complaint alleges that was not true.  As a factual and accounting matter this is completely wrong but, in terms of the complaint's failure to state a claim, the complaint does not explain why this would matter or, more particularly, how that would make the money it has seized subject to forfeiture.  With no analysis, the paragraph then jumps to make the conclusory statement that BSJI was "laundering $73.8 million in international wires from PDVSA," without any explanation for how the money *from* PDVSA had been tainted or what BSJI was doing to launder it.  (*Id.*)  Without addressing how the elements of any crime have been satisfied, the complaint ends by claiming that "these transfers" violated 18 U.S.C. §1005 (false bank records), 18 U.S.C. §1343 (wire fraud), 18 U.S.C. §1344 (bank fraud), and 18 U.S.C. §1956(a)(2)(A) (laundering money to promote specified unlawful activity).

This paragraph in every way fails to satisfy Supplemental Rule G(2)(f)'s requirement that the complaint "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  Dismissal is, therefore, warranted under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," because it does not "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  If a plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'").  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Iqbal*, 556 U.S. at 678.  (alteration in original).  Legal conclusions and

4

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Id.*

The government's complaint fails to even provide "threadbare recitals of the elements of a cause of action" at all; it does not even address the elements. Among other things, each of the criminal statutes cited by the government contains a *mens rea* requirement that the offense be committed knowingly, and yet there is no allegation of a knowing violation at all. Among the more jarring omissions, the bank is charged with promotional money laundering without providing even the slightest hint as to which of the more than 100 possible offenses the government claims BSJI promoted. 18 U.S.C. §§1956(a)(2) (requiring "the intent to promote the carrying on of specified unlawful activity"); 1956(c)(7) (defining "specified unlawful activity" expansively, including by incorporating 18 U.S.C. §1961(1), which alone references nearly 100 federal criminal statutes and incorporates numerous violations of state laws). But none of the charged statutes' various elements is addressed at all.[1]

---

[1] Each statute has multiple elements. *See, e.g.*, *United States v. Chaney*, 964 F.2d 437, 448–49 (5th Cir. 1992) ("To establish a substantive violation of section 1005, the government must prove that: (1) an entry made in bank records is false; (2) the defendant made the entry or caused it to be made; (3) the defendant knew the entry was false at the time he or she made it; and (4) the defendant intended that the entry injure or defraud the bank or public officers."); *United States v. Sawyer*, 85 F.3d 713, 723 (1st Cir. 1996) (wire fraud requires a defendant "knowing[ly] and willful[ly] participat[ed] in a scheme to defraud with the specific intent to defraud."); *United States v. Cassiere*, 4 F.3d 1006, 1011 (1st Cir. 1993) ("To prove wire fraud the government must show: 1) a scheme to defraud by means of false pretenses, 2) the defendant's knowing and willful participation in the scheme with the intent to defraud, and 3) the use of interstate wire communications in furtherance of the scheme."); *United States v. Flanders*, 491 F.3d 1197, 1212 (10th Cir. 2007) (bank fraud requires the defendant to have "knowingly executed or attempted to execute a scheme or artifice to defraud a financial institution or to obtain moneys or other property by means of false pretenses, representations or promises;" and "with the intent to defraud the financial institution."); 18 U.S.C. §1956(a)(2)(A) (requiring a defendant act "with the intent to promote the carrying on of specified unlawful activity").

In the couple of lines in the bare-bones pleading, the government at least says something about what it claims BSJI represented that was allegedly wrong—that it falsely represented that the funds had been "secured" and "funded"—(a statement that is true if just a little accounting and finance knowledge is presumed, which is why every professional to have reviewed the transactions has blessed them)—to support its fraud claims, but even that fails to satisfy the heightened pleading standard of Supplemental Rule G.  As the First Circuit recently explained in addressing fraud allegations under the comparable heightened pleading standard of Rule 9(b): "The core purposes of Rule 9(b) are 'to place the defendants on notice and enable them to prepare meaningful responses,' 'to preclude the use of a groundless fraud claim as pretext for discovering a wrong,' and 'to safeguard defendants from frivolous charges [that] might damage their reputation.'" *Dumont v. Reilly Foods Co.*, 934 F.3d 35, 39 (1st Cir. 2019) (quoting *New England Data Servs., Inc. v. Becher*, 829 F.2d 286, 289 (1st Cir. 1987)).  "[A]llegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  "The circumstances to be stated with particularity under Rule 9(b) generally consist of 'the who, what, where, and when of the allegedly [misleading] representation.'"  *Dumont*, 934 F.3d at 38 (quoting *Kaufman v. CVS Caremark Corp.*, 836 F.3d 88, 91 (1st Cir. 2016)).

In addition to a lack of knowledge that any false representation was made, none of the who, what, where and when is alleged in this complaint.  Likewise, each of the fraud statutes requires the misrepresentation to be "material" and there is no explanation for how BSJI's allegedly false claim was material.  *Neder v. United States*, 527 U.S. 1, 22 (1999).  Additionally, dismissal is warranted  because "the complaint fail[s] to satisfy [the heightened pleading standard] by

6

neglecting to include further details about [the supposed victim's] reliance on the allegedly misleading statement." *Dumont*, 934 F.3d at 39.  The complaint never alleges what would have happened differently had BSJI's alleged misrepresentation not been made.

And the last inquiry raises a particularly fundamental question: who is the alleged victim of the supposed fraud?  The complaint seems to suggest that BSJI – as the bank that extended the loan – is the bank fraud victim, but at the same time it is alleged to have been the wrongdoer.  Yet it is difficult to fathom how BSJI could have tricked itself by relying to its detriment upon a misrepresentation made by itself.  Nevertheless, it is the only bank here that could have stood to lose any money as it was BSJI's money being leant out and BSJI is not federally insured.  If so, any forfeiture here to make restitution to the victim would support leaving the money where it is, with BSJI.

Courts regularly dismiss forfeiture complaints that are this barren of factual allegations under the applicable heightened pleading standard.  *See, e.g.*, *United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1548 (11th Cir. 1987) (reversing district court for allowing a forfeiture complaint to go forward that was "devoid of factual support for the Government's allegation" that the seized currency was linked to a controlled substance); *United States v. $1,399,313.74 in U.S. Currency*, 591 F. Supp. 2d 365, 376 (S.D.N.Y. 2008) (dismissing forfeiture based on money laundering and structuring for failure to allege proceeds were tainted money or known to be tainted, or to allege how the funds seized had been involved in structuring); *United States v. $31,000 in U.S. Currency*, 740 F. Supp. 803, 805 (D.N.M. 1990) (dismissing forfeiture complaint alleging that money was subject to forfeiture "because it was used or intended to be used or represents proceeds of or material used in violation of the Controlled Substances Act," without identifying

the date or location, dollar amount involved, type or quantity of controlled substance, nor any participants).

        **C.**        **The Government Cannot Plead A Claim With An *Ex Parte* Declaration**

The government seeks to incorporate the "facts" alleged in an *ex parte* declaration from Special Agent Ivan Serpa (Dkt. 1 at 4), but it should be beyond any serious dispute that the government cannot give the constitutionally required notice of its claims by filling the factual holes in its complaint with secret evidence kept hidden in an *ex parte* declaration. The Supreme Court has highlighted the limits of *ex parte* proceedings in the civil forfeiture realm by stating what should be obvious: "[F]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights. . . . No better instrument has been devised for arriving at the truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it." *James Daniel*, 510 U.S. at 55 (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 170-72 (1951) (Frankfurter, J., concurring) (alterations in *James Daniel*); *see also Scheck ex rel. Pate v. Ward*, 6 F. Supp. 739, 740 (D. Mass. 1939) (noting that even 80 years ago there was an "almost complete uniformity" of opinions that incorporating "*ex parte* statements into the record, denied to the [opponent] his lawful rights, and therefore rendered the hearing unfair").

To be sure, the civil forfeiture laws provide: "In *requesting a stay* under paragraph (1), the Government may, in appropriate cases, submit evidence ex parte in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial." 18 U.S.C. §981(g)(5) (emphasis added). But this provision is directed *only* to the government's motion seeking a stay; it has no application to the government's complaint and it does not override the government's obligation to provide notice of its claims to BSJI under a heightened pleading burden.

Nor is there any conflict between the heightened pleading standard for the complaint and the government's ability to seek a stay based on *ex parte* declarations. The government can plead its theory of the case well enough to be intelligible and provide the requisite constitutional notice without identifying confidential informants by name, providing the whereabouts of protected witnesses, or disclosing other sensitive law enforcement information.

BSJI's due process right to notice and a meaningful opportunity to be heard plainly are not satisfied by a complaint that fails to provide notice of the basis of the government's claims, leaving BSJI to shadowbox with its best guess as to what may be alleged in an *ex parte* declaration. The Constitution and the applicable heightened pleading rules demand more.

## II.     THE SEIZED ASSETS ARE NOT SUBJECT TO FORFEITURE

The government brings this forfeiture under Section 981(a)(1)(C), which applies to "proceeds" traceable to violations of various statutes, but the assets that the government seized here are not unlawful "proceeds." (Dkt. 1 at 2.) The term "proceeds" is defined in various ways depending on its context, with the applicable definition here being: "In cases involving fraud in the process of obtaining a loan or extension of credit, the court shall allow the claimant a deduction from the forfeiture to the extent that the loan was repaid, or the debt was satisfied, without any financial loss to the victim." 18 U.S.C. §981(a)(2)(C); *see United States v. Courtney*, 816 F.3d 681 (10th Cir. 2016) (reversing forfeiture order for the full value of the loan defendant obtained by fraud, and ordering that amount reduced by what the defendant had paid back on the loan).

Section 981(a)(2)(C) makes clear that the seized assets at issue here are not subject to forfeiture. To the extent that there was any bank fraud here in reference to the loan BSJI made to PDVSA, the proceeds of that fraud would be the money that BSJI loaned out. But the government did not seize the money that was loaned out; it instead seized the money that PDVSA paid the

9

bank to pay off the loan just as it was supposed to do.  This repayment money does not represent "proceeds" of any crime.  It is just the opposite—it mitigates the alleged crime.

The government may not like this rule—although there is no reason to question its fairness—but it should be "mindful of the well established rule that federal forfeiture statutes must be narrowly construed because of their potentially draconian effect." *United States v. Real Prop. at 221 Dana Ave.*, 261 F.3d 65, 74 (1st Cir. 2001).  "[F]orfeiture statutes are strictly construed against the government." *United States v. $191,900.00 in U.S. Currency*, 16 F.3d 1051, 1068 (9th Cir. 1994); *see United States v. Real Props. at 7215 Longboat Dr.*, 750 F.3d 968, 974 (8th Cir. 2014) ("Forfeitures are not favored in the law; strict compliance with the letter of the law by those seeking forfeiture must be required."); *Borromeo*, 945 F.2d at 752-53 (4th Cir. 1991) (noting forfeiture is a "traditionally-disfavored remedy;" that "courts have consistently required claimants to follow the language of the Supplemental Rules to the letter;" and "strict compliance with the letter of the law by those seeking forfeiture must be required").  There is no reason for the Court to bend over backward to give Section 981(a)(2)(C) an interpretation inconsistent with its narrow, but plain meaning.

## CONCLUSION

The Court should dismiss the complaint for failure to state a claim.

Dated:  October 9, 2019

| | |
|---|---|
| Sonia Torres, Esq. | Jonathan W. Haray, *Pro hac vice* pending |
| USDC-PR Bar No. 209310 | Courtney Saleski, *Pro hac vice* pending |
| Meléndez Torres Law PSC | DLA Piper LLP (US) |
| MCS Plaza, Suite 1200 | 500 8th Street NW |
| 255 Ponce de León Avenue | Washington, DC 20004 |
| San Juan, PR 00917 | Telephone: (202) 799-4000 |
| Telephone: (787) 281-8100 | Fax: (202) 799-5000 |
| Fax: (787) 281-8310 | jonathan.haray@dlapiper.com |
| storres@melendeztorreslaw.com | courtney.saleski@dlapiper.com |
| | |
| Abbe David Lowell, *Pro hac vice* pending | */s/ Guillermo Ramos Luiña* |
| Eric W. Bloom, *Pro hac vice* pending | Guillermo Ramos Luiña (USDC-204007) |
| Christopher D. Man, *Pro hac vice* pending | PO Box 2763, UPR Station |
| Winston & Strawn LLP | San Juan, PR 00931-2763 |
| 1700 K Street, NW | (787) 620-0527 (Phone) |
| Washington, DC 20006 | (787) 620-0039 (Fax) |
| (202) 282-5000 (Phone) | gramlui@yahoo.com |
| (202) 282-5100 (Fax) | |
| adlowell@winston.com | |

*Counsel for Banco San Juan Internacional, Inc.*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed on October 9, 2019 with the Clerk of Court using the CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

                */s/ Guillermo-Ramos Luiña*
                Guillermo Ramos Luiña