IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

       Plaintiff

v.

No: 19-cv-01930

$53,082,824.19 IN U.S. CURRENCY,

       Defendant

## BANCO SAN JUAN INTERNACIONAL'S MOTION TO DISMISS PURSUANT TO THE EIGHTH AMENDMENT

Sonia Torres, Esq.
USDC-PR Bar No. 209310
Meléndez Torres Law PSC
MCS Plaza, Suite 1200
255 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 281-8100
Fax: (787) 281-8310
storres@melendeztorreslaw.com

Jonathan W. Haray, *Pro hac vice* pending
Courtney Saleski, *Pro hac vice* pending
DLA Piper LLP (US)
500 8th Street, NW
Washington, DC 20004
Telephone: (202) 799-4000
Fax: (202) 799-5000
jonathan.haray@dlapiper.com
courtney.saleski@dlapiper.com

Abbe David Lowell, *Pro hac vice* pending
Eric W. Bloom, *Pro hac vice* pending
Christopher D. Man, *Pro hac vice* pending
Winston & Strawn LLP
1700 K Street, NW
Washington, DC 20006
(202) 282-5000 (Phone)
(202) 282-5100 (Fax)
adlowell@winston.com

Guillermo Ramos Luiña (USDC-204007)
PO Box 2763, UPR Station
San Juan, PR 00931-2763
(787) 620-0527 (Phone)
(787) 620-0039 (Fax)
gramlui@yahoo.com

*Counsel for Banco San Juan Internacional, Inc.*

The Supreme Court recently reaffirmed that "civil *in rem* forfeitures are fines for purposes of the Eighth Amendment when they are at least partially punitive." *Timbs v. Indiana*, 139 S. Ct. 682, 690 (2019); *see also Austin v. United States*, 509 U.S. 602 (1993) (same). Moreover, it is clear "that forfeiture generally and statutory *in rem* forfeiture in particular historically have been understood, at least in part, as punishment." *Austin*, 509 U.S. at 618. The forfeiture sought here is more than remedial, as it does not dispose of contraband and the $53 million penalty sought has no relationship to the cost of law enforcement, so it is at least partially punitive. *Id.* at 621.

Nor can there be any doubt that this forfeiture is barred by the Eighth Amendment. In *United States v. Bajakajian*, 524 U.S. 321, 339 (1998), as part of a criminal forfeiture following a conviction for failure to report the transportation of more than $10,000, the Supreme Court struck down the proposed forfeiture because it was "grossly disproportional to the gravity of [the defendant's] offense." The forfeiture required under the applicable statute was the amount involved in the offense, 18 U.S.C. §982(a), which was $357,144.[1] The district court found that extraordinarily harsh though and ordered forfeiture of only $15,000, less than 5 percent of the requested forfeiture. *Id.* at 326. The government appealed seeking the full amount of the offense, but the Court of Appeals affirmed because no forfeiture of any amount could be squared with the Eighth Amendment. The district court's $15,000 forfeiture order was not disturbed, however, because the defendant failed to cross-appeal in challenging that forfeiture. *Id.* at 327. The Supreme Court affirmed without remanding to consider a higher forfeiture, leaving open the question of whether even the $15,000 forfeiture ordered may have been too great. *Id.* at 337 n.11;

---

[1] *Bajakajian* also made clear that "[t]he currency in question is not an instrumentality" of the crime, "the currency is merely the subject of the crime of failure to report." 524 U.S. at 334 & n.9.

*id.* at 354 (Kennedy, J., dissenting) (noting the majority's ruling means a penalty of 5% or less is acceptable).

The Court should find that any forfeiture in this case, and particularly the $53 million sought, would violate the Excessive Fines Clause of the Eight Amendment. *Bajakajian* is controlling: "*Bajakajian* involved an *in personam* forfeiture. But the Supreme Court seemed to declare in sweeping language that punitive forfeitures—regardless of whether they proceed *in rem* or *in personam*—are excessive if they are 'grossly disproportional to the gravity of a defendant's offense.'" *Von Hofe v. United States*, 492 F.3d 175, 184 (2d Cir. 2007) (quoting *Bajakajian*) (finding a forfeiture excessive). Indeed, the fact that *Bajakajian* was a *criminal* forfeiture made it worse—there was a finding made by a jury beyond a reasonable doubt that the defendant had "willfully" committed the crime, and there can be no such finding in this civil *in rem* action.

*Bajakajian* looked to the gravity of the offense and explained that it was "solely a reporting offense," and the government would have been deprived of information only "[h]ad his crime gone undetected." 524 U.S. at 337-39. The situation here is not far different, as there was no harm to the United States. Banco San Juan Internacional (BSJI) is not insured by the United States. The government's charges are an incomprehensible listing of statutes, but it is hard to see where BSJI's conduct could have harmed anyone else. (*See* Mot. to Dismiss for Failure to State a Claim.) The government's false bank record charge (18 U.S.C. §1005) would seem comparable to the false reporting offense in *Bajakajian*, in that the government would have been deprived of only information, nothing else and certainly not money.

The government's fraud counts (wire fraud under 18 U.S.C. §1343, and bank fraud under 18 U.S.C. §1344) are even more perplexing, as it would seem that BSJI itself would be the victim of the alleged fraud. If that is the case, punishing the victim would seem perverse. To the extent

that forfeiture is viewed as a tool for restitution, it is better just leaving the money where it is—with the supposed victim.

The government's final charge of money laundering (18 U.S.C. §1956(a)(2)(A)) leaves us stumped because there is no explanation for this charge whatsoever.  There is no allegation that the funds BSJI received are the proceeds of any specified unlawful activity, or that it is promoting specified unlawful activity.  The money in the accounts reflect payments on a loan that is not alleged to be intrinsically illegal, and there is no allegation of how BSJI would use the money so there is no allegation that it was being used in any way to promote any unlawful activity.  18 U.S.C. §1956(a)(2)(A).  The transaction described in the Complaint is at an end when the money that had been loaned out is returned and deposited in the bank.  However, as the transaction is characterized, there does not appear to be any harm, to anyone, in any amount.  In these circumstances, even accepting the government's insufficiently threadbare claims as true, forfeiture would be excessive and disproportionate.

The Court should immediately release or dismiss $50 million from this action and from being restrained, because it is inconceivable that any such amount could constitutionally be forfeited, and wait to dismiss the remaining more than $3 million when it is satisfied the entire action should be dismissed.  The remaining more than $3 million is in excess of the 5% forfeiture imposed in *Bajakajian*, leaving the Court with a cushion in-line with prior Supreme Court precedent in the event it decides that any forfeiture is warranted at all.  Otherwise, BSJI will forced to bear the effects of the government's grossly excessive and unwarranted seizure of an incredible amount of money needed for BSJI's operations for an extended period of time without due process and in the absence of adequate notice of the grounds on which basis the funds were seized.

Dated:  October 9, 2019

| | |
|---|---|
| Sonia Torres, Esq. | Jonathan W. Haray, *Pro hac vice* pending |
| USDC-PR Bar No. 209310 | Courtney Saleski, *Pro hac vice* pending |
| Meléndez Torres Law PSC | DLA Piper LLP (US) |
| MCS Plaza, Suite 1200 | 500 8th Street NW |
| 255 Ponce de León Avenue | Washington, DC 20004 |
| San Juan, PR 00917 | Telephone: (202) 799-4000 |
| Telephone: (787) 281-8100 | Fax: (202) 799-5000 |
| Fax: (787) 281-8310 | jonathan.haray@dlapiper.com |
| storres@melendeztorreslaw.com | courtney.saleski@dlapiper.com |

Abbe David Lowell, *Pro hac vice* pending
Eric W. Bloom, *Pro hac vice* pending
Christopher D. Man, *Pro hac vice* pending
Winston & Strawn LLP
1700 K Street, NW
Washington, DC 20006
(202) 282-5000 (Phone)
(202) 282-5100 (Fax)
adlowell@winston.com

*/s/ Guillermo Ramos Luiña*
Guillermo Ramos Luiña (USDC-204007)
PO Box 2763, UPR Station
San Juan, PR 00931-2763
(787) 620-0527 (Phone)
(787) 620-0039 (Fax)
gramlui@yahoo.com

*Counsel for Banco San Juan Internacional, Inc.*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed on October 9, 2019 with the Clerk of Court using the CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

*/s/ Guillermo-Ramos Luiña*
Guillermo Ramos Luiña

4