IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      *Plaintiff,*<br><br>v.<br><br>$53,082,824.19 IN U.S. CURRENCY,<br><br>      *Defendant.* | No. 19-cv-01930 |

**BANCO SAN JUAN INTERNACIONAL'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Guillermo Ramos Luiña (USDC-204007)
PO Box 2763, UPR Station
San Juan, PR 00931-2763
(787) 620-0527 (Phone)
(787) 620-0039 (Fax)
gramlui@yahoo.com

Sonia Torres (USDC-209310)
Meléndez Torres Law PSC
MCS Plaza, Suite 1200
255 Ponce de León Avenue
San Juan, PR 00917
(787) 281-8100 (Phone)
(787) 281-8310 (Fax)
storres@melendeztorreslaw.com

Abbe David Lowell (*pro hac vice*)
Eric W. Bloom (*pro hac vice*)
Christopher D. Man (*pro hac vice*)
Winston & Strawn LLP
1700 K Street, NW
Washington, DC 20006
(202) 282-5000 (Phone)
(202) 282-5100 (Fax)
adlowell@winston.com
ebloom@winston.com
cman@winston.com

Jonathan W. Haray (*pro hac vice*)
Courtney Saleski (*pro hac vice*)
DLA Piper LLP (US)
500 8th Street, NW
Washington, DC 20004
(202) 799-4000 (Phone)
(202) 799-5000 (Fax)
jonathan.haray@dlapiper.com
courtney.saleski@dlapiper.com

*Counsel for Banco San Juan Internacional, Inc.*

The government's opposition brief (*see* Dkt. 53 (the "Opposition")) to Banco San Juan Internacional, Inc.'s ("BSJI") motion to dismiss for failure to state a claim (*see* Dkt. 19 (the "Motion")) fails to save the government's bare-bones civil forfeiture complaint from mandatory dismissal.  Under Federal Rule of Civil Procedure Supplemental Rule G(2)(f), the government must plead "sufficiently detailed facts to support a reasonable belief" that the government would be able to meet its burden of proof at trial.  The government's Opposition fails to demonstrate that the three-page complaint gives rise to the required "reasonable belief" that the government would be able to establish the legal validity of its seizure of more than $53 million of BSJI's funds at trial.  Instead, the government made conclusory assertions in the complaint, rather than the required "sufficiently detailed" allegations of fact.   The Opposition did nothing to cure that fatal defect.

Recognizing the complaint's deficiencies, the government repeatedly points to alleged factual allegations contained in a separate, *ex parte* declaration from one of its agents.  The U.S. Supreme Court, however, has expressly stated, and fundamental Constitutional principles of due process, fairness, and equity all dictate, the government cannot oppose the Motion on the basis of alleged facts contained in a document that BSJI cannot view, challenge, or address.  The government's attempt to survive a motion to dismiss based on hidden allegations is repugnant to principles of due process and should be rejected.

Further, the government makes no allegation—even a summary allegation—that the seized funds represent the instrumentality or the proceeds of a crime, much less make "sufficiently detailed" allegations of fact to support such a conclusory finding.  In fact, the seized funds represent the debtor's *repayment* of loans, a fact not disputed by the government in its Opposition.  By law, the repayment of a loan is not forfeitable.  Even accepting the government's allegations as true for purposes of this Motion, the forfeiture complaint must be dismissed.

By the time this Court decides the Motion, BSJI will have been deprived of more than $53 million of its own funds for an entire year. The government's three-page complaint is insufficient and should be dismissed.

## ARGUMENT

I.   THE GOVERNMENT HAS FAILED TO PLEAD A CLAIM

   A.   Legal Standard

The government contends that BSJI's reliance on the Federal Rules of Civil Procedure 9(b) and 12(b) and case law applying both is misplaced, arguing that only Federal Rule of Civil Procedure Supplemental Rule G(2) applies. *See* Dkt. 53 at 2 ("Claimant is relying on case law and rules inapplicable to the present case."). The government is mistaken.

Both the Federal Rules of Civil Procedure ("Civil Rules") and Supplemental Rule G apply in civil forfeiture actions. *United States v. One Dairy Farm*, 918 F.2d 310, 311 (1st Cir. 1990) ("Proceedings in forfeiture cases are governed by the Federal Rules of Civil Procedure and the Supplemental Rules …."); *United States v. Eleven (11) New Util. Vehicles*, 2014 WL 4385734, at *1 (D.P.R. Sept. 4, 2014) ("[The Supplemental Rules] impose pleading requirements on the Government *in addition to* the Federal Rules of Civil Procedure.") (emphasis added).[1]

A "claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)." Fed. R. Civ. P. Supp. R. G(8)(b)(i). The legal sufficiency of the complaint is governed by Rule G(2). *Eleven (11) New Util. Vehicles*, 2014 WL 4385734, at *1. Rule G(2)

---

[1] While Rule G "govern[s]" forfeiture actions, the Civil Rules apply "to clarify any ambiguity." *United States v. One Gulfstream G-V Jet Aircraft*, 941 F. Supp. 2d 1, 13 (D.D.C. 2013) (explaining that the Civil Rules "may help to clarify any ambiguity"); *Eleven (11) New Util. Vehicles*, 2014 WL 4385734, at *1 ("Civil *in rem* forfeiture complaints are governed by [Supplemental Rule G(2)(f)], and must meet its particularity requirements."); *see United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 149 (3d Cir. 2003) ("Parties to civil forfeiture proceedings are the servants of two procedural masters: the Supplemental Rules specially devised for admiralty and in rem proceedings, and the generally applicable Federal Rules of Civil Procedure.").

2

provides that the government's forfeiture complaint, among other things, "must … state **sufficiently detailed facts** to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f) (emphasis added). Rule G(2)(f)'s pleading standard is "somewhat more exacting than the liberal notice pleading standard contemplated by [Federal Rule of Civil Procedure] Rule 8(a)(2)." *One Gulfstream*, 941 F. Supp. 2d at 14; *see United States v. Three (3) Pieces of Jewelry Appraised at $28,470.00*, 2015 WL 1310849, at *2 (D.P.R. Mar. 24, 2015). Rule G(2)(f)'s heightened pleading standard applies to this forfeiture action, and the government must meet it to survive a motion to dismiss.

### B. The Government Has Failed to Plead Sufficiently Detailed Factual Allegations

The government contends that its "complaint and its accompanying sealed unsworn declaration clearly set forth the reasonable belief as to the conduct that warrants seizure and forfeiture of the defendant property." (Dkt. 53 at 5.) To the contrary, the government's complaint is so perfunctory and so devoid of factual substance that it falls well short of the Rule G(2)(f) standard. Not only does the complaint contain only a single substantive paragraph that, in turn, refers this Court to an *ex parte* declaration of a special agent, but it also fails to include basic facts such as *when* the seizure occurred, contrary to the government's representation to the Court otherwise. (Dkt. 53 at 5 ("Claimant has sufficient notice as to the details of the matter, that is, who what, where, and *when*.") (emphasis added).); *see also Three (3) Pieces of Jewelry*, 2015 WL 1310849, at *3 (The government "must state the circumstances giving rise to the forfeiture claims with sufficient particularity to allow the claimant to conduct a meaningful investigation of the facts and draft a responsive pleading.") (internal quotations and citations omitted).

In the complaint, the only relevant factual allegation is the averment that BSJI purportedly "falsely represented" in financial statements provided to the Office of the Commissioner for Financial Entities ("OCIF") and the Federal Reserve Bank of New York ("FRBNY") that the loans

were fully funded and deposited into trust accounts, which the complaint alleges are untrue. (Dkt. 1 at 2.) Such a conclusory statement is plainly insufficient to withstand Rule G(2)'s heightened pleading standard.

As a preliminary matter, as the submitted motions detailed, BSJI's accounting treatment and related representations of the loan are consistent with, if not mandated by, regulatory guidance. *See* Declaration of Christopher Laursen[2] (Ex. A); *see also* FDIC Advisory Opinion 90-15 and related FFIEC standards, as set forth in the General Instructions to Schedule RC—Loans and Lease Financing Receivables (FFIEC 031) ("If interest is being paid by the borrower on the undisbursed proceeds, *the amount of such undisbursed funds should be included in both loans and deposits*.") (emphasis added). For that matter, BSJI's financials were subject to an audit by certified public accountants who issued an unqualified audit opinion blessing them. Simply, there was no misrepresentation. BSJI and its auditors got it right.

But even assuming that BSJI's accounting was in error (which it is not), the government does not allege anywhere in its complaint that BSJI made a false representation with an intent to deceive, much less plead the requisite "sufficiently detailed" factual allegations to support such a legal conclusion. Instead, in its Opposition, the government cites to a single case for the proposition that it does not need to prove *mens rea* if a *pattern* of unlawful activity has been sufficiently pled. (Dkt. 53 at 4 (citing *United States v. $776,670 Previously Contained*, 2014 WL 1669929, at *4 (D.N.J. Apr. 28, 2014)).) But the complaint does not even purport to allege a "pattern" of unlawful conduct. The government's reliance on *$776,670 Previously Contained*,

---

[2] Mr. Laursen served as the Federal Reserve Board's (FRB) Manager of Risk Policy and Guidance and as an examiner at both the Federal Reserve Bank and the Office of the Comptroller of the Currency (OCC), specializing in examinations of international banking operations, anti-money laundering and trust/fiduciary activities.

4

even if it was precedential, is thus misplaced, and the complaint fails to contain any factual allegations establishing BSJI's purported intent to deceive federal regulators.

The government's cited cases actually undermine its position and instead support dismissal of its complaint, that is, the complaints corresponding to the cases cited by the government all contained substantially more detail than that found in the government's threadbare complaint here. *See* Dkt. 53 at 4-5; *United States v. $506,069.09 Seized*, 664 F. App'x 422, 425, 434 (6th Cir. 2016) (detailing the complaint's allegations about the claimant's drug trafficking and scheme to launder the proceeds of drug trafficking by comingling the funds with lawfully obtained ones; 11-page complaint with no attached affidavit); *United States v. $25,290.00 in U.S. Currency*, 2018 WL 6436435, at *3 (N.D. Tex. Dec. 6, 2018) (noting complaint disclosed the government's investigative findings and specific details about the transaction at issue; 10-page complaint with an unsealed affidavit); *United States v. $776,670.00 Previously Contained*, 2014 WL 1669929, at *3 (D.N.J. Apr. 28, 2014) (finding the complaint's allegations set forth a pattern of activity highly suggestive of the alleged unlawful activity, including alleged bank deposits into accounts across the country, the staggering of bank deposits to avoid triggering reporting requirements, and an account number that was found in the ledger of a convicted money launderer; 16-page complaint with no attached affidavit); *United States v. Sum of $70,990,605*, 4 F. Supp. 3d 189, 199–200 (D.D.C. 2014) (finding the government's complaint alleged a specific victim of the scheme, members of the conspiracy, goal of the conspiracy, means of effectuating the conspiracy, and who was responsible for each act; 16-page complaint with no attached affidavit); *United States v. Approx. $25,829,681.80 in Funds*, 1999 WL 1080370, at *6 (S.D.N.Y. Nov. 30, 1999), *aff'd*, 56 F. App'x 40 (2d Cir. 2003) (holding claimant was "adequately appraised of the factual circumstances underlying the forfeiture action" because the government alleged sufficient facts

supporting both the underlying offenses and their connection with the seized assets; complaint contained 14 paragraphs detailing the factual allegations and 11 additional paragraphs explaining the elements of each offense); *United States v. Real Prop. (16899 S.W. Greenbrier)*, 774 F. Supp. 1267, 1270 (D. Or. 1991) (describing the government's complaint as having "fairly conclusory terms [that] track[] the language" of the allegedly violated statutes and claiming the defendant committed the violations, but noting the complaint incorporated an *unsealed*, 75-page affidavit that "provid[ed] a great deal of factual detail regarding the basis for the forfeiture, including the details of the fraudulent scheme …."); *see also United States v. Real Prop. at 5208 Los Franciscos Way*, 385 F.3d 1187, 1193 (9th Cir. 2003) (not discussing the "substantive merits of the government's forfeiture action" because the claimants lacked standing).

As against the record in the cases the government hopes to rely on, the government's inadequacies become glaring. The government's three-page complaint here is by far the shortest of all the complaints in the cases cited by the government; it fails to incorporate a public affidavit to inform BSJI of any additional factual allegations; and it lacks the details found in the complaints discussed above. It cannot be sustained.

      **C.**      **The Government Is Not Permitted to Rely Solely On an *Ex Parte* Declaration**

The government appears to recognize the complaint's shortcomings, instead repeatedly relying in its Opposition on the *ex parte* declaration of Special Agent Ivan J. Serpa (the "Serpa Declaration") as allegedly providing the necessary factual allegations. (*See* Dkt. 53 at 5 ("the complaint *and its accompanying sealed unsworn declaration* clearly set forth the reasonable belief as to the conduct that warrants seizure and forfeiture of the defendant property") (emphasis added); *id.* ("The United States may also satisfy the pleading requirement by including facts in an agent's affidavit."); *id*. at 6 (noting allegations "as described in the Verified Complaint and the agent's

unsworn declaration in support of civil forfeiture").) There is no rule, however, that allows the government to defend itself against a motion to dismiss based solely or even primarily on an *ex parte* declaration in a civil forfeiture context. *Cf.* 18 U.S.C. § 981(g)(5) (allowing the government, in certain cases, to submit *ex parte* evidence to support a *stay* in a civil forfeiture proceeding).

The government's reliance here on an *ex parte* declaration to support its civil forfeiture complaint is improper and fails Rule G(2)(f)'s heightened pleading standard. The government cannot rely on a single paragraph in the complaint that, in turn, refers this Court to the *ex parte* Serpa Declaration, because the *ex parte* declaration does not "allow [BSJI] to conduct a meaningful investigation of the facts and draft a responsive pleading." *Three (3) Pieces of Jewelry*, 2015 WL 1310849, at *3 (internal quotations and citations omitted).

Permitting the government to rely exclusively on an *ex parte* declaration would also violate fundamental constitutional principles of due process. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 55 (1993). The United States Supreme Court has explained its concerns with *ex parte* proceedings in the civil forfeiture realm, finding that "fairness can rarely be obtained by secret, one-sided determination of facts decisive of rights." *Id.*; Dkt. 19 at 8.

The government's cited cases themselves make the point that the government should not be permitted to rely so overwhelmingly on an *ex parte* declaration. Dkt. 53 at 3-5; *see United States v. Real Prop. 19211 Grey Bluff Cove*, 2016 WL 1255742, at *3 (W.D. Tex. May 29, 2016) (allowing *ex parte* affidavit for good cause, because the government stated its willingness to submit a redacted affidavit); *United States v. $25,290.00*, 2018 WL 6436435, at *1, *35 (N.D. Tex. Dec. 6, 2018) (noting that after the court initially dismissed the government's complaint for failing to allege sufficient facts, the government filed an amended complaint and gave claimants access to an affidavit providing the underlying facts); *United States v. Real Prop. (16899 S.W. Greenbrier)*,

774 F. Supp. 1267, 1269 (D. Or. 1991) (noting that the agent's affidavit had been *unsealed* and incorporated into the complaint); *Approx. $25,829,681.80 in Funds*, 1999 WL 1080370, at *2, *5-7 (concluding that sufficient allegations were found in the complaint, which included 14 paragraphs detailing the factual allegations and 11 additional paragraphs explaining the elements of each offense); *United States v. 2121 Kirby Dr.*, 2007 WL 3378353, at *4-5 (S.D. Tex. Nov. 13, 2007) (relying on an *unsealed* affidavit attached to the complaint for the underlying facts).

## II.  THE SEIZED ASSETS ARE NOT SUBJECT TO FORFEITURE

Even if the government could identify some BSJI misconduct, the seized funds still are not forfeitable.  As noted, the government accuses BSJI of making false representations to the OCIF and FRBNY about a certain loan and improperly recording it in BSJI's accounting records.  (*See* Dkt. 1 at 2.)  But BSJI's representations regarding the loan do not render the loan *itself* unlawful, and the government does not contend otherwise, either in its complaint or in its Opposition.  Further, the seized funds represent the *repayment* of the subject loan, *see* Dkt. 19 at 1, a fact never disputed by the government.  Repayments are not forfeitable under the governing statute.  (*See* Dkt. 19 at 9-10.)  As BSJI has previously explained, 18 U.S.C. §981(a)(2)(C) expressly provides that "[i]n cases involving fraud in the process of obtaining a loan or extension of credit, the court shall allow the claimant deduction from the forfeiture to the extent that the loan was repaid, or the debt was satisfied, without any financial loss to the victim." (Dkt. 19 at 9.)  The government's silence is deafening.

Nor has the government pleaded nor explained that deficiency in its Opposition that the transactions involved criminally-derived proceeds, suggesting instead only that BSJI did something fraudulent in accounting for these transactions.  The government likewise has not alleged that the funds themselves were received by BSJI "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity."  18 U.S.C.

8

§ 1956(a)(1). Nor has the government alleged that the money PDVSA used to repay BSJI resulted from any illegal activity, such as drug trafficking, or that BSJI knew it to be. (*See* Dkt. 19 at 9-10.)

According to the government, "it is the United States' position that defendant currency is subject to forfeiture …." (Dkt. 53 at 6.) But the very cases cited by the government are plainly distinguishable and do not support its position here. *Id.* at 6-7; *see United States v. Forty-Four Thousand Dollars*, 2018 WL 3611955, at *23 (E.D. Mo. July 27, 2018) (noting that the complaint alleged that the police found the seized currency near drugs and alleged other facts supporting conclusion that the seized currency was connected with drug trafficking); *United States v. One 2015 Dodge Challenger R/T Plus*, 2018 WL 3543492, at *1-3 (W.D.N.C. July 23, 2018) (noting the complaint's factual allegations connected the seized vehicle to the transportation of a controlled substance); *United States v. $40,000 in U.S. Currency*, 2018 WL 2371098, at *15 (E.D.N.C. May 24, 2018) (discussing factual allegations that defendant was traveling with a large sum of money, that he could not provide details about his plans at his intended destination, that the casino where defendant claims he won the money contradicted his claims, and that defendant had a history of purchasing illegal drugs from the destination state, which all showed the defendant's attempt to transport the seized funds in furtherance of an unlawful activity); *United States v. Funds in Amount of $101,999.78*, 2008 WL 4222248, at *13 (N.D. Ill. Sept. 11, 2008) (finding the complaint sufficiently pleaded facts showing a nexus between the seized currency and criminal activity of illegally structuring transactions, because defendants used two bank accounts to make hundreds of deposits below the federal reporting threshold and then transferred amounts above the reporting threshold to other accounts).

In sum, the government's Opposition does nothing to cure the fact that the complaint fails to allege facts that demonstrate that BSJI's seized funds either were an instrumentality of the alleged fraud or otherwise represent forfeitable assets. (Dkt. 19 at 9-10.) The government's sweeping conclusory allegations that the loan repayments are somehow "subject to forfeiture," without alleging any factual link between (a) the alleged unlawful activity (the accounting treatment of the loans in BSJI's financials), and (b) loan repayments, are insufficient to withstand dismissal under Rule G(2)(f).

## CONCLUSION

For the reasons stated above, the Court should dismiss the complaint.

Dated: January 8, 2019

/s/ Guillermo Ramos Luiña
Guillermo Ramos Luiña (USDC-204007)
PO Box 2763, UPR Station
San Juan, PR 00931-2763
(787) 620-0527 (Phone)
(787) 620-0039 (Fax)
gramlui@yahoo.com

/s/ Abbe David Lowell
Abbe David Lowell (*pro hac vice*)
Eric W. Bloom (*pro hac vice*)
Christopher D. Man (*pro hac vice*)
Winston & Strawn LLP
1700 K Street, NW
Washington, DC 20006
(202) 282-5000 (Phone)
(202) 282-5100 (Fax)
adlowell@winston.com
ebloom@winston.com
cman@winston.com

Sonia Torres, Esq. (USDC-209310)
Meléndez Torres Law PSC
MCS Plaza, Suite 1200
255 Ponce de León Avenue
San Juan, PR 00917
(787) 281-8100 (Phone)
(787) 281-8310 (Fax)
storres@melendeztorreslaw.com

Jonathan W. Haray (*pro hac vice*)
Courtney Saleski (*pro hac vice*)
DLA Piper LLP (US)
500 8th Street NW
Washington, DC 20004
(202) 799-4000 (Phone)
(202) 799-5000 (Fax)
jonathan.haray@dlapiper.com
courtney.saleski@dlapiper.com

*Counsel for Banco San Juan Internacional, Inc.*

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed on January 8, 2020 with the Clerk of Court using the CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

                                        */s/ Abbe David Lowell*
                                        Abbe David Lowell