IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff*, | |
| v. | No. 19-cv-01930 |
| $53,082,824.19 IN U.S. CURRENCY, | |
| *Defendant*. | |

**BANCO SAN JUAN INTERNACIONAL'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR COMPLIANCE WITH THE FIFTH AND SIXTH AMENDMENTS**

Guillermo Ramos Luiña (USDC-204007)
PO Box 2763, UPR Station
San Juan, PR 00931-2763
(787) 620-0527 (Phone)
(787) 620-0039 (Fax)
gramlui@yahoo.com

Abbe David Lowell (*pro hac vice*)
Eric W. Bloom (*pro hac vice*)
Christopher D. Man (*pro hac vice*)
Winston & Strawn LLP
1700 K Street, NW
Washington, DC 20006
(202) 282-5000 (Phone)
(202) 282-5100 (Fax)
adlowell@winston.com
ebloom@winston.com
cman@winston.com

Sonia Torres (USDC-209310)
Meléndez Torres Law PSC
MCS Plaza, Suite 1200
255 Ponce de León Avenue
San Juan, PR 00917
(787) 281-8100 (Phone)
(787) 281-8310 (Fax)
storres@melendeztorreslaw.com

Jonathan W. Haray (*pro hac vice*)
Courtney Saleski (*pro hac vice*)
DLA Piper LLP (US)
500 8th Street, NW
Washington, DC 20004
(202) 799-4000 (Phone)
(202) 799-5000 (Fax)
jonathan.haray@dlapiper.com
courtney.saleski@dlapiper.com

*Counsel for Banco San Juan Internacional, Inc.*

Banco San Juan Internacional, Inc. ("BSJI") moved for the Court to look past the government's labelling of this proceeding as "civil," because it actually would be a criminal proceeding at common law, and to treat this case as the criminal proceeding that it is, where the government must prove its case to a jury beyond a reasonable doubt. (Dkt. 21.) The government's opposition (Dkt. 57) provides no real response at all. The government does not – and apparently cannot – dispute the historical record, which demonstrates that a forfeiture proceeding of this kind could have been maintained only through a *criminal* forfeiture at the time the Constitution was ratified. (Dkt. 21 at 1-6.) Nor does the government dispute that the Supreme Court looks past "civil" labels and treats a claim as criminal when it is in substance a criminal proceeding. (*Id.* at 2 n.2, 6-8.) That conclusion is inescapable, otherwise the government could void a host of due process protections for a criminal defendant by simply relabeling a criminal proceeding "civil" in name only. Nor does the government contest that it holds the burden of proving its claims to a jury beyond a reasonable doubt in criminal cases. These concessions by the government should end the matter, and require that BSJI's motion be granted.

The government's non-response is that Congress, in passing the overall statute, called the matter a "civil forfeiture" and "preponderance of the evidence . . . is the statutory standard established by Congress, in order to comply with due process." (Dkt. 57 at 3.) Again, this ignores the fact that the Court must look past the "civil" label and treat this matter as a criminal case because that is what it would have been when the Constitution was ratified. (Dkt. 21 at 6-7.) And returning to first principles, Congress does not get to decide what standard satisfies the *constitutional* standards for due process; the Supreme Court does, *see Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803), and it has long made clear that the standard for due process in criminal cases is beyond a reasonable doubt: "Lest there remain any doubt about the constitutional stature

of the reasonable doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." (*In re Winship*, 397 U.S. 358, 364 (1970), *see* Dkt. 21 at 6-8 (citing criminal cases requiring the government to prove every element to a jury beyond a reasonable doubt).)

The government, for reasons that are not clear, singles out only two cases cited by BSJI to address directly. First, the government takes issue with BSJI's citation to *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), because that case concerned restitution and "[t]he present case has nothing to do with restitution." (Dkt. 57 at 4.) But the issue in *Nelson* more generally is by what standard can the government *seize property without a criminal conviction*.

In *Nelson*, the State of Colorado shifted the burden to a defendant to file for a refund and demonstrate his innocence under a clear and convincing evidence standard to recover money previously paid as restitution, fees and costs ordered as part of a criminal conviction, after that conviction had been vacated. That situation is not materially different from the one that we have here, in which the government has seized BSJI's property without a conviction and BSJI must litigate its return. The Supreme Court explained that "Colorado may not presume a person, adjudged guilty of no crime, nonetheless guilty *enough* for monetary exactions." *Nelson*, 137 at 1256 (emphasis in original). BSJI cited commentary noting that this language suggests that more than a preponderance of the evidence is required to seize property under civil forfeiture law. (Dkt. 21 at 7-8.)

The government's dispute with BSJI's single citation to *Luis v. United States*, 136 S. Ct. 1083 (2016), is even more difficult to understand. (Dkt. 57 at 4-5.) BSJI cited *Luis* only once for the following proposition: "Maintaining the traditional criminal burden of proof and jury trial

requirements also is consistent with the 'historic preference against preconviction *forfeitures*.'" (Dkt. 21 at 8 (quoting *Luis*, 136 S. Ct. at 1094 (emphasis in original).)  The government does not take issue with that principle, but adds that *Luis* noted that the Court had previously allowed "pretrial restraint of tainted assets."  (Dkt. 57 at 5.)  That is irrelevant.  BSJI seeks a criminal standard for forfeiture, not a pretrial restraint of assets, and BSJI's position is supported by *Luis'* emphasis upon the "historic preference against preconviction *forfeitures*."  136 S. Ct. at 1094 (emphasis in original).

As we previously noted, "[t]he Supreme Court has not yet ruled on the constitutionality of the standard of proof for civil asset forfeiture."  (Dkt. 21 at 2 n.3 (quoting Stephen Moss, *Clear and Convincing Civility: Applying the Civil Commitment Standard of Proof to Civil Asset Forfeiture*, 68 Am. U. L. Rev. 2257, 2262 (2019)).)  Nor has the First Circuit.  For his part, Justice Thomas has called for courts to address "an important question: whether modern civil-forfeiture statutes can be squared with the Due Process Clause and our Nation's history."  *Leonard v. Texas*, 137 S. Ct. 847, 847 (2017) (Thomas, J., statement respecting denial of certiorari).  The Supreme Court authority cited in BSJI's moving papers, largely ignored in the government's opposition, should point this Court to the answer.

## **<u>CONCLUSION</u>**

Nothing in the government's opposition addresses the substance of BSJI's motion.  The Court should require the government to prove its case to a jury beyond a reasonable doubt to secure an *in rem* civil forfeiture.

Dated:  January 8, 2020

/s/ Guillermo Ramos Luiña
Guillermo Ramos Luiña (USDC-204007)
PO Box 2763, UPR Station
San Juan, PR 00931-2763
(787) 620-0527 (Phone)
(787) 620-0039 (Fax)
gramlui@yahoo.com

/s/ Abbe David Lowell
Abbe David Lowell (*pro hac vice*)
Eric W. Bloom (*pro hac vice*)
Christopher D. Man (*pro hac vice*)
Winston & Strawn LLP
1700 K Street, NW
Washington, DC 20006
(202) 282-5000 (Phone)
(202) 282-5100 (Fax)
adlowell@winston.com
ebloom@winston.com
cman@winston.com

Sonia Torres, Esq. (USDC-209310)
Meléndez Torres Law PSC
MCS Plaza, Suite 1200
255 Ponce de León Avenue
San Juan, PR 00917
(787) 281-8100 (Phone)
(787) 281-8310 (Fax)
storres@melendeztorreslaw.com

Jonathan W. Haray (*pro hac vice*)
Courtney Saleski (*pro hac vice*)
DLA Piper LLP (US)
500 8th Street NW
Washington, DC 20004
(202) 799-4000 (Phone)
(202) 799-5000 (Fax)
jonathan.haray@dlapiper.com
courtney.saleski@dlapiper.com

*Counsel for Banco San Juan Internacional, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing was filed on January 8, 2020 with the Clerk of Court using the

CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

<u>*/s/ Abbe David Lowell*</u>
Abbe David Lowell